IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER IRWIN,

    Plaintiff,

    vs.                      Civil Action No. CA04-246E

NURSE 1, NURSE 2, NURSE 3, WARDEN.
WASHINGTON COUNTY
CORRECTIONAL FACILITY,
PATROLMAN RON RAYMOND,
CHARTIERS TOWNSHIP POLICE
DEPARTMENT,

    Defendants.

## PATROLMAN RONALD RAYMOND'S, CHIEF JAMES HORVATH'S AND CHARTIERS TOWNSHIP POLICE DEPARTMENT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

    AND NOW, come Defendants, Patrolman Ronald Raymond, Chief James Horvath and the Chartiers Township Police Department (hereinafter referred to as "Chartiers Defendants"), by and through their counsel, DELL, MOSER, LANE & LOUGHNEY, LLC and Mark R. Lane, Esquire, and file the within Motion to Dismiss Plaintiff's Amended Complaint:

    1.    On August 27, 2004, Plaintiff filed a Complaint against Nurse 1, Nurse 2, Nurse, 3, Warden, Washington County Correctional Facility, Patrolman Ron Raymond and Chartiers Township Police Department alleging a violation of the Eighth Amendment to the United States Constitution for the deprivation of his constitutional right to basic medical treatment.

    2.    On March 14, 2005, Defendants Chartiers Township Police Department and Patrolman Ronald Raymond filed a Motion to Dismiss and Brief in Support of their Motion to Dismiss arguing that Plaintiff failed to state a claim upon which relief may be granted.

1

3. Subsequently, on April 5, 2005, Plaintiff filed a Motion to Amend Complaint, with a proposed Amended Complaint appended, which Motion was granted by this Court on April 19, 2005. The proposed Amended Complaint was filed as the original Amended Complaint on April 19, 2005, and Plaintiff was directed to serve all parties with it by May 18, 2005.

4. On June 7, 2005, Plaintiff filed a Motion to Extend Time to Serve the Defendants with the Amended Complaint.

5. Thereafter, the Chartiers Defendants filed their Motion to Dismiss Amended Complaint and Brief in Support thereof.

6. On June 21, 2005, an Order was entered granting Plaintiff ten (10) additional days to serve the Defendants with the Amended Complaint.

7. On July 7, 2005, in response to the Chartiers Defendants' Motion to Dismiss Plaintiff's Amended Complaint, Plaintiff filed another Motion to Amend Complaint.

8. On July 25, 2005, this Court dismissed the Chartiers Defendants' Motion to Dismiss Plaintiff's Amended Complaint without prejudice and ordered Plaintiff to serve his Amended Complaint upon all of the Defendants within ten (10) days.

9. On July 26, 2005, Plaintiff filed a Motion for Extension of Time to respond to the Chartiers Defendants' Motion to Dismiss and/or to Amend his Complaint.

10. On July 28, 2005, this Court granted Plaintiff's Motion for Extension of Time to Respond to the Chartiers Defendants' Motion to Dismiss and ordered the Response to be filed by August 31, 2005.

11. On August 30, 2005, Plaintiff filed yet another Motion to Amend Complaint.

12. Thereafter, on September 1, 2005, this Court vacated its July 28, 2005 Order, as the Chartiers Defendants' Motion to Dismiss Amended Complaint had been dismissed without prejudice on July 25, 2005.

13. The Chartiers Defendants now file a Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support thereof.

14. Plaintiff's latest Amended Complaint has named Chief James Horvath of the Chartiers Township Police Department as a Defendant. Therefore, this Motion and accompanying Brief will address the claims against him as well.

15. Plaintiff alleges that he was placed under arrest by Patrolman Ronald Raymond of the Chartiers Township Police Department on July 7, 2002 following a motor vehicle accident, and was subsequently life flighted to "UPMC" for medical treatment. *See, Amended Complaint, ¶¶ 17-18.*

16. Plaintiff further alleges that on July 9, 2002, he was unlawfully removed from "UPMC" by an unidentified Allegheny County Sheriff at the request of Patrolman Ronald Raymond of the Chartiers Township Police Department. *See, Amended Complaint, ¶¶ 24-31.*

17. Finally, Plaintiff claims that "around the end of July, 2002," he was transported to the Chartiers Township Police Department for fingerprinting and questioning by Patrolman Raymond and Chief Horvath. *See, Amended Complaint, ¶ 31.*

18. Plaintiff attempts to set forth a Section 1983 claim for violation of his Eighth and Fourteenth Amendment rights based upon denial of medical treatment and state law claims for false imprisonment and false arrest.

## MOTION TO DISMISS–EXPIRATION OF APPLICABLE STATUTE OF LIMITATIONS

19. The allegations contained within Paragraphs 1 through 18 are incorporated herein.

20. On August 27, 2004, Plaintiff filed his original Complaint.

21. The actions of the Chartiers Defendants are alleged to have occurred in July of 2002. *See, Amended Complaint, ¶¶ 17-31*.

22. Plaintiff failed to file his original Complaint prior to the expiration of the applicable statute of limitations for claims filed pursuant to 42 U.S.C. § 1983 and for state law claims for false arrest and false imprisonment.

23. Furthermore, Plaintiff added Chief James Horvath as a Defendant in excess of eight months subsequent to the expiration of the applicable statute of limitations.

24. The affirmative defense of the expiration of the statute of limitations is properly raised by a motion pursuant to the Federal Rule of Civil Procedure 12(b)(6) when it is clear from the complaint that the cause of action is time-barred. *Bethel v. Jendoco Construction Corporation*, 570 F.2d 1168, 1174 (3rd Cir. 1978).

25. "In actions under 42 U.S.C. § 1983, federal courts apply the state's statute of limitations for personal injury. Thus, because Pennsylvania's statute of limitations for personal injury is two years, [Plaintiff's] due process claims are subject to a two-year statute of limitations." *Samerica Corp. Del., Inc. v. City of Philadelphia,* 142 F.3d 582 (3d Cir. 1998). (internal citations omitted).

26. To the extent that Plaintiff's Amended Complaint alleges state law claims for false imprisonment and false arrest, those claims must also be dismissed, as Pennsylvania's two year statute of limitations bars those claims as well. See, *42 Pa. C.S.A. §5524*.

27.  In his Motion to Amend filed on August 26, 2005, Plaintiff contends that his incarceration tolled the statute of limitations for the instant action.

28.  However, 42 Pa.C.S.A. § 5533(a) states:

> Except as otherwise provided by statute, insanity or imprisonment does not extend the time limited by this subchapter for the commencement of a matter.

29.  Plaintiff also argues that his Complaint was not timely filed as he had little "legal material" available to him due to his placement in solitary confinement while incarcerated. *See, Plaintiff's Motion to Amend filed on August 26, 2005.*

30.  However, in *Hall v. v. City of Philadelphia,* 828 F. Supp. 365 (E.D. Pa. 1993), the United States District Court for the Eastern District of Pennsylvania rejected an identical argument made by a prisoner and held that "…where, as here, plaintiff is aware of all the operative facts of his injury, the statute will not be tolled simply because he is unaware of the legal ramifications of his situation." *Hall,* 828 F. Supp. at 368.

31.  Finally, Plaintiff contends that his alleged injuries to his back and neck prevented him from timely instituting this action; however, no statutory or other authority exists, providing an exception that tolls the statute of limitations due to physical injuries. In fact, the statute of limitations for personal injury causes of action is two years. *See, 42 Pa. C.S.A. §5524 (1).*

32.  Therefore, Plaintiff has no defense to his failure to file suit within the statutory limitations period in this matter.

WHEREFORE, Defendants, Chartiers Township Police Department, Chief James Horvath and Patrolman Ronald Raymond, respectfully request that this Court dismiss all claims against Chartiers Township Police Department, Patrolman Ronald Raymond and Chief James Horvath with prejudice.

                Respectfully submitted,

                DELL, MOSER, LANE & LOUGHNEY, LLC

                By: /s/ Mark R. Lane, Esquire
                    Mark R. Lane, Esquire
                    Pa. I.D. No. 61923
                    Attorneys for Defendants, Chartiers Township Police Department, Chief James Horvath and Patrolman Ronald Raymond
                    525 William Penn Place; Suite 3700
                    Pittsburgh, PA  15219
                    Phone:     (412) 471-1180
                    Fax:          (412) 471-9012

**JURY TRIAL DEMANDED**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the within **PATROLMAN RONALD RAYMOND'S, CHIEF JAMES HORVATH'S AND CHARTIERS TOWNSHIP POLICE DEPARTMENT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** has been served on this 20th day of September, 2005, upon all parties, either individually or through counsel by:

| | | | |
|---|---|---|---|
| _X_ | First Class, Mail, Postage Pre-Paid | ____ | Hand Delivery |
| ____ | Certified Mail-Return Receipt Requested | ____ | Facsimile Transmission |
| ____ | Federal Express | | |

Christopher Irwin
SCI-Albion
10745, Route 18
Albion, PA 16475-0002
*Plaintiff*

Edmond R. Joyal, Jr., Esquire
Law Office of Joseph S. Weimer
975 Two Chatham Center
Pittsburgh, PA 15219
*Co-Defendant, Washington County Correctional Facilty*

DELL MOSER LANE & LOUGHNEY, LLC

By:   /s/ Mark R. Lane, Esquire
      Mark R. Lane, Esquire