9036

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER IRWIN,

    Plaintiff,

    vs.                  Civil Action No. CA04-246E

NURSE 1, NURSE 2, NURSE 3, WARDEN.
WASHINGTON COUNTY
CORRECTIONAL FACILITY,
PATROLMAN RON RAYMOND,
CHARTIERS TOWNSHIP POLICE
DEPARTMENT,

    Defendants.

**PATROLMAN RONALD RAYMOND'S, CHIEF JAMES HORVATH'S AND CHARTIERS TOWNSHIP POLICE DEPARTMENT'S BRIEF IN SUPPORT OF <u>MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT</u>**

AND NOW, come Defendants, Patrolman Ronald Raymond, Chief James Horvath and the Chartiers Township Police Department (hereinafter referred to as "Chartiers Defendants"), by and through their counsel, DELL, MOSER, LANE & LOUGHNEY, LLC and Mark R. Lane, Esquire, and file the within Brief in Support of Motion to Dismiss Plaintiff's Amended Complaint:

        I.        <u>STATEMENT OF FACTS</u>

On August 27, 2004, Plaintiff filed a Complaint against Nurse 1, Nurse 2, Nurse, 3, Warden, Washington County Correctional Facility, Patrolman Ron Raymond and Chartiers Township Police Department alleging violations of the Eighth Amendment to the United States Constitution for the deprivation of his constitutional right to basic medical treatment. On March 14, 2005, Defendants Chartiers Township Police Department and Patrolman Ronald Raymond filed a Motion to Dismiss and Brief in Support of their Motion to Dismiss, as Plaintiff failed to

state a claim upon which relief may be granted. The Chartiers Defendants' Motion to Dismiss was subsequently dismissed without prejudice as Plaintiff had filed an Amended Complaint.[1] In his Amended Complaint, Plaintiff added several parties, including Chief James Horvath. Accordingly, this Motion and Brief will address the claims against Horvath, as well as those against the Chartiers Township Police Department and Patrolman Ronald Raymond.

In his Amended Complaint, Plaintiff alleges that on July 7, 2002, he was placed under arrest by Patrolman Ronald Raymond of the Chartiers Township Police Department following a motor vehicle accident and was subsequently life flighted to "UPMC" for medical treatment. Plaintiff further alleges that on July 9, 2002, he was unlawfully removed from "UPMC" by an unidentified Allegheny County Sheriff at the request of Patrolman Ronald Raymond of the Chartiers Township Police Department.

Thereafter, "on or around the end of July 2002," he was transported to Chartiers Township Police Department for fingerprinting and questioning by Patrolman Ronald Raymond and Chief Horvath. He claims that his alleged early release from "UPMC" constituted a denial of medical treatment in violation of the Eighth and Fourteenth Amendments made actionable pursuant to 42 U.S.C. 1983. Plaintiff has also alleged state law claims for false arrest and false imprisonment.

As Plaintiff filed his original Complaint subsequent to the expiration of the applicable statute of limitations, his claims against the Chartiers Township Police Department, Patrolman Ronald Raymond and Chief James Horvath of the Chartiers Township Police Department must be dismissed with prejudice.

---

[1] A detailed statement of the procedural history of this matter is set forth in the accompanying Motion to Dismiss Plaintiff's Amended Complaint.

## II.  STANDARD FOR RULE 12(b)(6) MOTION TO DISMISS

Under Fed.R.Civ.P. 12(b)(6), "[t]he applicable standard of review requires the court to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." *Coffman v. Wilson Police Department,* 739 F. Supp. 257, 261 (E.D. Pa. 1990), citing, *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3rd Cir. 1989).  The question before the court is not whether the plaintiff will ultimately prevail; rather, it is whether the plaintiff could prove any set of facts in support of his claim that would entitle the plaintiff to relief.  *Coffman,* 739 F. Supp. at 261 (E.D. Pa. 1990), citing, *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

## III.  ISSUES PRESENTED

**A.     WHETHER PLAINTIFF'S CLAIMS AGAINST PATROLMAN RONALD RAYMOND, THE CHARTIERS TOWNSHIP POLICE DEPARTMENT AND CHIEF HORVATH MUST BE DISMISSED WITH PREJUDICE AS THE APPLICABLE STATUTE OF LIMITATIONS EXPIRED PRIOR TO THE COMMENCEMENT OF THIS ACTION.**

    **PROPOSED ANSWER:  YES.**

**B.     WHETHER PLAINTIFF'S INCARCERATION FROM JULY 7, 2002 TO OCTOBER 17, 2002 FAILED TO TOLL THE APPLICABLE STATUTE OF LIMITATIONS?**

    **PROPOSED ANSWER:  YES.**

## IV.  ARGUMENT

**A.     SINCE THE STATUTE OF LIMITATIONS WITH RESPECT TO PLAINTIFF'S PURPORTED §1983, FALSE ARREST AND FALSE IMPRISONMENT CLAIMS EXPIRED PRIOR TO THE FILING OF HIS COMPLAINT, PLAINTIFF'S CLAIMS AGAINST PATROLMAN RONALD RAYMOND, THE CHARTIERS TOWNSHIP POLICE**

9036

**DEPARTMENT AND CHIEF HORVATH MUST BE DISMISSED WITH PREJUDICE.**

As Plaintiff failed to file his original Complaint prior to the expiration of the applicable statute of limitations for Section 1983 claims and for claims for false arrest or false imprisonment, all claims against Patrolman Ronald Raymond, the Chartiers Township Police Department and Chief Horvath must be dismissed with prejudice.

In *Sameric v. City of Philadelphia,* 142 F.3d 582, 599, the United States Court of Appeals for the Third Circuit held that claims set forth under Section 1983 are subject to the state statute of limitations for personal injury claims. In Pennsylvania, claims for personal injuries are subject to a two-year statute of limitations. *Sameric,* 142 F.3d 582, 599 (3rd Cir. 1998). *See, 42 Pa.C.S.A. §5524.*

In this case, Plaintiff's Amended Complaint clearly indicates that the alleged incidents occurred on July 7 and 9, 2002 and "on or around the end of July 2002." *See, Amended Complaint, ¶¶ 17-31.* However, the Plaintiff's original Complaint was filed on August 27, 2004, subsequent to the expiration of the applicable two year statute of limitations for all the claims he alleged in his Complaint. Furthermore, Plaintiff did not name Chief James Horvath as a Defendant until April 5, 2005, in excess of eight months subsequent to the expiration of the applicable statute of limitations.

To the extent Plaintiff alleges causes of action for the state law claims of false imprisonment or false arrest, his claims are also barred by Pennsylvania's two year statute of limitations. *See, 42 Pa.C.S.A. §5524 (1).* As the affirmative defense of the expiration of the statute of limitations is properly raised by a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) when it is clear from the face of the Complaint that the cause of action is time-barred, Plaintiff's claims against the Chartiers Township Police Department, Patrolman Ronald

4

9036

Raymond and Chief Horvath must be dismissed with prejudice. *See, Bethel v. Jendoco Construction Corporation,* 570 F.2d 1168, 1174 (3rd Cir. 1978),

### B. PLAINTIFF'S INCARCERATION FROM JULY 7, 2002 TO OCTOBER 17, 2002 FAILED TO TOLL THE APPLICABLE STATUTE OF LIMITATIONS.

Plaintiff's incarceration failed to toll the applicable statute of limitations; therefore, the claims against the Chartiers Defendants must be dismissed with prejudice. In his Motion to Amend Complaint dated August 26, 2005, Plaintiff alleges:

> Due to Plaintiffs [sic] incarceration from July 7, 2002 to October 17, 2002 and the Plaintiffs [sic] inability to receive legal help from what little legal material was available to him due to being given a disciplinary hearing after he was placed in solitary confinement and due to his injuries and the severe and chronic pain that he suffered would not of [sic] been able to sit and read or study the law due to his injuries. Plaintiff states that his injuries did not accrue and that a continuing wrong took place that the statue [sic] of limitations should of [sic] been suspended while he was incarcerated. Plaintiff did not believe that the defendants would continue to deny him medical treatment during his incarceration. Plaintiff was released from Washington County Correctional Facility on October 17, 2002.

Importantly, Plaintiff had in excess of a year and a half *after* his release to file his Complaint and he failed to do so. Nevertheless, imprisonment does toll the statute of limitations. *See, 42 Pa.C.S.A. § 5533(a); Hall v. City of Philadelphia,* 828 F. Supp. 365 (E.D. Pa. 1993).

42 Pa.C.S.A. § 5533(a) states:

> Except as otherwise provided by statute, insanity or imprisonment does not extend the time limited by this subchapter for the commencement of a matter.

In *Hall v. City of Philadelphia,* the plaintiff alleged that on December 17, 1990, he was deprived of his civil rights when he was subjected to excessive force while incarcerated. *Hall,* 828 F.Supp. at 366. Plaintiff was released from prison on February 7, 1992; however, he did not file his Complaint until May 10, 1993. *Hall,* 828 F. Supp. at 367-368. Similar to the case at bar,

5

the plaintiff in *Hall*, incarcerated at the time the alleged incidents occurred, claimed that "lack of access to the law library precluded him from being fully informed of his legal rights." The United States District Court for the Eastern District of Pennsylvania held that "…where, as here, plaintiff is aware of all the operative facts of his injury, the statute will not be tolled simply because he is unaware of the legal ramifications of his situation." *Hall,* 828 F. Supp. at 368. Furthermore, the *Hall* Court also commented that the "even if the conditions of plaintiff's confinement were an obstacle to the exercise of his rights, the impediment was removed almost a year before the statute ran." *Hall,* 828 F. Supp. at 368.

In the present case, the Plaintiff alleges that he had little "legal material" available to him due to his placement in solitary confinement. Similar to *Hall,* the Plaintiff had all of the facts related to his alleged injury available to him. None of the allegations in any of Plaintiff's filings indicate any injury, physical or constitutional, inflicted by the Chartiers Defendants, which were not known to the Plaintiff. Furthermore, Plaintiff was released from incarceration on October 17, 2002, in excess of a year and a half prior to the expiration of the applicable statute of limitations and he still did not timely file his Complaint. Accordingly, Plaintiff's claim that his limited access to "legal materials" prevented him from filing his Complaint prior to the expiration of the statute of limitations is entirely without merit.

Plaintiff also alleges that he did not file his Complaint within the requisite time as his injuries prevented him from sitting and being able to read and study the law. *See, Motion to Amend Complaint dated August 26, 2005*. In *Hall,* the plaintiff contended that the injuries sustained to his hands as a result of excessive force used by the defendants prevented him from being able to write. The Court did not find his argument persuasive and noted that his hands surely would have healed prior to the expiration of the statute of limitations. *Hall,* 828 F. Supp.

6

9036

at 367-368.  Therefore, Plaintiff's claim that his alleged physical injuries prevented him from timely initiating this action is entirely without merit.

   WHEREFORE, Defendants, Chartiers Township Police Department, Chief James Horvath and Patrolman Ronald Raymond, respectfully request that this Court dismiss all claims against them with prejudice.


                               Respectfully submitted,

                               DELL, MOSER, LANE & LOUGHNEY, LLC


                               By: /s/ Mark R. Lane, Esquire
                                  Mark R. Lane, Esquire
                                  Pa. I.D. No. 61923
                                  Attorneys for Defendants, Chartiers Township
                                  Police Department, Chief James Horvath and
                                  Patrolman Ronald Raymond
                                  525 William Penn Place; Suite 3700
                                  Pittsburgh, PA  15219
                                  Phone:  (412) 471-1180

**JURY TRIAL DEMANDED**

File No.: 9036                                                                                                                        Docket No.: 04-246E

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the within **PATROLMAN RONALD RAYMOND'S, CHIEF JAMES HORVATH'S AND CHARTIERS TOWNSHIP POLICE DEPARTMENT'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** has been served on this 20th day of September, 2005, upon all parties, either individually or through counsel by:

  X    First Class, Mail, Postage Pre-Paid            ____   Hand Delivery

____   Certified Mail-Return Receipt Requested        ____   Facsimile Transmission

____   Federal Express

Christopher Irwin
SCI-Albion
10745, Route 18
Albion, PA 16475-0002
*Plaintiff*

Edmond R. Joyal, Jr., Esquire
Law Office of Joseph S. Weimer
975 Two Chatham Center
Pittsburgh, PA  15219
*Co-Defendant, Washington County Correctional Facilty*


DELL MOSER LANE & LOUGHNEY, LLC


By:    /s/ Mark R. Lane, Esquire
       Mark R. Lane, Esquire