9036

# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER IRWIN,

    Plaintiff,

    vs.                            Civil Action No. CA04-246E

NURSE 1, NURSE 2, NURSE 3, WARDEN.
WASHINGTON COUNTY
CORRECTIONAL FACILITY,
PATROLMAN RON RAYMOND,
CHARTIERS TOWNSHIP POLICE
DEPARTMENT,

    Defendants.

## PATROLMAN RONALD RAYMOND'S, CHIEF JAMES HORVATH'S AND CHARTIERS TOWNSHIP POLICE DEPARTMENT'S RESPONSE TO PLAINTIFF'S SECOND REQUEST FOR EXTENSION OF TIME TO RESPOND TO MOTION TO DISMISS AND RESPONSE TO PLAINTIFF'S SECOND REQUEST FOR <u>APPOINTMENT OF COUNSEL</u>

    AND NOW, come Defendants, Patrolman Ronald Raymond, Chief James Horvath and the Chartiers Township Police Department (hereinafter referred to as "Chartiers Defendants"), by and through their counsel, DELL, MOSER, LANE & LOUGHNEY, LLC and Mark R. Lane, Esquire, and file the within Brief in Response to Plaintiff's Second Request for Extension of Time to Respond to Motion to Dismiss and Response to Plaintiff's Second Request for Appointment of Counsel, stating as follows:

    1.    On August 27, 2004, Plaintiff filed a Complaint against Nurse 1, Nurse 2, Nurse, 3, Warden, Washington County Correctional Facility, Patrolman Ron Raymond and Chartiers Township Police Department alleging a violation of the Eighth Amendment to the United States Constitution for the deprivation of his constitutional right to basic medical treatment.

1

9036

2. On March 14, 2005, Defendants Chartiers Township Police Department and Patrolman Ronald Raymond filed a Motion to Dismiss and Brief in Support of their Motion to Dismiss, arguing that Plaintiff failed to state a claim upon which relief may be granted.

3. Subsequently, on April 5, 2005, Plaintiff filed a Motion to Amend Complaint, with a proposed Amended Complaint appended, which Motion was granted by this Court on April 19, 2005. The proposed Amended Complaint was filed as the original Amended Complaint on April 19, 2005, and Plaintiff was directed to serve all parties with it by May 18, 2005.

4. On April 21, 2005, Plaintiff filed his first Motion to Appoint Counsel.

5. On April 28, 2005, this Court issued an opinion denying the Plaintiff's Motion for Appointment of Counsel, holding that the facts and cause of action pled by the Plaintiff did not involve any difficult legal issues and, therefore, he was not entitled to appointment of counsel pursuant to the test set forth in *Tabron v. Grace,* 6 F.3d 147 (3d Cir. 1993). *See, April 28, 2005 Opinion and Order attached as Exhibit "A."*

6. On June 7, 2005, Plaintiff filed a Motion to Extend Time to Serve the Defendants with the Amended Complaint, which was granted.

7. Thereafter, the Chartiers Defendants filed a Motion to Dismiss Amended Complaint and Brief in Support thereof.

8. On July 7, 2005, in response to the Chartiers Defendants' Motion to Dismiss Plaintiff's Amended Complaint, Plaintiff filed another Motion to Amend Complaint.

9. On July 25, 2005, this Court dismissed the Chartiers Defendants' Motion to Dismiss Plaintiff's Amended Complaint without prejudice and ordered Plaintiff to serve his Amended Complaint upon all of the Defendants within ten (10) days.

9036

10. On July 26, 2005, Plaintiff filed a Motion for Extension of Time to respond to the Chartiers Defendants' Motion to Dismiss and/or to Amend his Complaint.

11. On July 28, 2005, this Court granted Plaintiff's Motion for Extension of Time to Respond to the Chartiers Defendants' Motion to Dismiss, and ordered the Response to be filed by August 31, 2005.

12. On August 30, 2005, Plaintiff filed yet another Motion to Amend Complaint.

13. Thereafter, on September 1, 2005, this Court vacated its July 28, 2005 Order, as the Chartiers Defendants' Motion to Dismiss Amended Complaint had been dismissed without prejudice on July 25, 2005.

14. On September 20, 2005, the Chartiers Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support thereof.

15. Subsequently, November 4, 2005, this Court entered an Order requiring Plaintiff to file his response to the Chartiers Defendants' Motion to Dismiss by November 21, 2005.

16. As of January 11, 2006, Plaintiff had not filed a response to the Chartiers Defendants' Motion to Dismiss his Amended Complaint. Accordingly, counsel for the Chartiers Defendants requested that this Court consider the pending Motion to Dismiss.

17. On January 18, 2006, Plaintiff filed an untimely Second Motion to Appoint Counsel and his Second Motion to Extend Time to File his Response to the Chartiers Defendants' Motion to Dismiss. *See, Plaintiff's January 18, 2005 Motion attached hereto as Exhibit "B."*

18. In his January 18, 2006 Motion, Plaintiff again requested an appointment of counsel, which was previously denied by this Court. Importantly, no new facts have been

3

9036

presented in Plaintiff's most recent Motion which would cause this Court to reconsider its April 28, 2005 Opinion and Order denying Plaintiff's first request for appointment of counsel.

19. Additionally, Plaintiff has requested a second extension of time to respond to the Chartiers Defendants' Motion to Dismiss predicated upon his inability to secure legal assistance. However, not only has this Court previously denied Plaintiff's request for the appointment of legal counsel, but Plaintiff has had more than sufficient time to file a response to the Motion to Dismiss. By failing to do so, Plaintiff has violated this Court's November 4, 2005 Order.

20. Moreover, the Chartiers Defendants' Motion to Dismiss raises the statute of limitations defense, which cannot be cured by any subsequent filing by the Plaintiff, with or without legal counsel.

21. Accordingly, Plaintiff's request for extension of time to file a response to the Chartiers Defendants' Motion to Dismiss is futile, as no defense exists with respect to his failure to file suit within the statutory limitations period.

22. Plaintiff's repeated filings of Motions to Amend, Motions for Extension of Time to Respond and Motions to Appoint Counsel are merely attempts to stall this Court's consideration of the Chartiers Defendants' Motion to Dismiss, and are wasting time and resources.

23. As Plaintiff has had the consideration of this Court and adequate time to respond to the Chartiers Defendants' Motion to Dismiss, he must not be permitted to stall the course of this litigation once again.

9036

WHEREFORE, Defendants, Chartiers Township Police Department, Chief James Horvath and Patrolman Ronald Raymond, respectfully request that this Court deny Plaintiff's Motion to Appoint Counsel and Motion for Extension of Time to File a Response to the Chartiers Defendants' Motion to Dismiss, and request that this Court dismiss all claims against the Chartiers Defendants with prejudice.

                                          Respectfully submitted,

                                          DELL, MOSER, LANE & LOUGHNEY, LLC

                                          By: _____
                                              Mark R. Lane, Esquire
                                              Pa. I.D. No. 61923
                                              Attorneys for Defendants, Chartiers Township
                                              Police Department, Chief James Horvath and
                                              Patrolman Ronald Raymond
                                              525 William Penn Place; Suite 3700
                                              Pittsburgh, PA  15219
                                              Phone:  (412) 471-1180

**JURY TRIAL DEMANDED**

File No.: 9036                                                                                                        Docket No.: 04-246E

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the within **PATROLMAN RONALD RAYMOND'S, CHIEF JAMES HORVATH'S AND CHARTIERS TOWNSHIP POLICE DEPARTMENT'S RESPONSE TO PLAINTIFF'S SECOND REQUEST FOR EXTENSION OF TIME TO RESPOND TO MOTION TO DISMISS AND PLAINTIFF'S RESPONSE TO SECOND REQUEST FOR APPOINTMENT OF COUNSEL** has been served on this ___ day of January, 2006, upon all parties, either individually or through counsel by:

_X_   First Class, Mail, Postage Pre-Paid         ____   Hand Delivery

____   Certified Mail-Return Receipt Requested    ____   Facsimile Transmission

____   Federal Express

Christopher Irwin
SCI-Albion
10745, Route 18
Albion, PA 16475-0002
*Plaintiff*

Edmond R. Joyal, Jr., Esquire
Law Office of Joseph S. Weimer
975 Two Chatham Center
Pittsburgh, PA 15219
*Co-Defendant, Washington County Correctional Facility*

DELL MOSER LANE & LOUGHNEY, LLC

By: _____
    Mark R. Lane, Esquire