9036

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER IRWIN,

    Plaintiff,

vs.                                 Civil Action No. CA04-246E

NURSE 1, NURSE 2, NURSE 3, WARDEN.
WASHINGTON COUNTY
CORRECTIONAL FACILITY,
PATROLMAN RON RAYMOND,
CHARTIERS TOWNSHIP POLICE
DEPARTMENT,

    Defendants.

## PATROLMAN RONALD RAYMOND'S, CHIEF JAMES HORVATH'S AND CHARTIERS TOWNSHIP POLICE DEPARTMENT'S RESPONSE TO PLAINTIFF'S SECOND REQUEST FOR EXTENSION OF TIME TO RESPOND TO MOTION TO DISMISS AND RESPONSE TO PLAINTIFF'S SECOND REQUEST FOR <u>APPOINTMENT OF COUNSEL</u>

AND NOW, come Defendants, Patrolman Ronald Raymond, Chief James Horvath and the Chartiers Township Police Department (hereinafter referred to as "Chartiers Defendants"), by and through their counsel, DELL, MOSER, LANE & LOUGHNEY, LLC and Mark R. Lane, Esquire, and file the within Brief in Response to Plaintiff's Second Request for Extension of Time to Respond to Motion to Dismiss and Response to Plaintiff's Second Request for Appointment of Counsel, stating as follows:

1.    On August 27, 2004, Plaintiff filed a Complaint against Nurse 1, Nurse 2, Nurse, 3, Warden, Washington County Correctional Facility, Patrolman Ron Raymond and Chartiers Township Police Department alleging a violation of the Eighth Amendment to the United States Constitution for the deprivation of his constitutional right to basic medical treatment.

1

9036

2. On March 14, 2005, Defendants Chartiers Township Police Department and Patrolman Ronald Raymond filed a Motion to Dismiss and Brief in Support of their Motion to Dismiss, arguing that Plaintiff failed to state a claim upon which relief may be granted.

3. Subsequently, on April 5, 2005, Plaintiff filed a Motion to Amend Complaint, with a proposed Amended Complaint appended, which Motion was granted by this Court on April 19, 2005. The proposed Amended Complaint was filed as the original Amended Complaint on April 19, 2005, and Plaintiff was directed to serve all parties with it by May 18, 2005.

4. On April 21, 2005, Plaintiff filed his first Motion to Appoint Counsel.

5. On April 28, 2005, this Court issued an opinion denying the Plaintiff's Motion for Appointment of Counsel, holding that the facts and cause of action pled by the Plaintiff did not involve any difficult legal issues and, therefore, he was not entitled to appointment of counsel pursuant to the test set forth in *Tabron v. Grace,* 6 F.3d 147 (3d Cir. 1993). *See, April 28, 2005 Opinion and Order attached as Exhibit "A."*

6. On June 7, 2005, Plaintiff filed a Motion to Extend Time to Serve the Defendants with the Amended Complaint, which was granted.

7. Thereafter, the Chartiers Defendants filed a Motion to Dismiss Amended Complaint and Brief in Support thereof.

8. On July 7, 2005, in response to the Chartiers Defendants' Motion to Dismiss Plaintiff's Amended Complaint, Plaintiff filed another Motion to Amend Complaint.

9. On July 25, 2005, this Court dismissed the Chartiers Defendants' Motion to Dismiss Plaintiff's Amended Complaint without prejudice and ordered Plaintiff to serve his Amended Complaint upon all of the Defendants within ten (10) days.

9036

10. On July 26, 2005, Plaintiff filed a Motion for Extension of Time to respond to the Chartiers Defendants' Motion to Dismiss and/or to Amend his Complaint.

11. On July 28, 2005, this Court granted Plaintiff's Motion for Extension of Time to Respond to the Chartiers Defendants' Motion to Dismiss, and ordered the Response to be filed by August 31, 2005.

12. On August 30, 2005, Plaintiff filed yet another Motion to Amend Complaint.

13. Thereafter, on September 1, 2005, this Court vacated its July 28, 2005 Order, as the Chartiers Defendants' Motion to Dismiss Amended Complaint had been dismissed without prejudice on July 25, 2005.

14. On September 20, 2005, the Chartiers Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support thereof.

15. Subsequently, November 4, 2005, this Court entered an Order requiring Plaintiff to file his response to the Chartiers Defendants' Motion to Dismiss by November 21, 2005.

16. As of January 11, 2006, Plaintiff had not filed a response to the Chartiers Defendants' Motion to Dismiss his Amended Complaint. Accordingly, counsel for the Chartiers Defendants requested that this Court consider the pending Motion to Dismiss.

17. On January 18, 2006, Plaintiff filed an untimely Second Motion to Appoint Counsel and his Second Motion to Extend Time to File his Response to the Chartiers Defendants' Motion to Dismiss. *See, Plaintiff's January 18, 2005 Motion attached hereto as Exhibit "B."*

18. In his January 18, 2006 Motion, Plaintiff again requested an appointment of counsel, which was previously denied by this Court. Importantly, no new facts have been

presented in Plaintiff's most recent Motion which would cause this Court to reconsider its April 28, 2005 Opinion and Order denying Plaintiff's first request for appointment of counsel.

19. Additionally, Plaintiff has requested a second extension of time to respond to the Chartiers Defendants' Motion to Dismiss predicated upon his inability to secure legal assistance. However, not only has this Court previously denied Plaintiff's request for the appointment of legal counsel, but Plaintiff has had more than sufficient time to file a response to the Motion to Dismiss. By failing to do so, Plaintiff has violated this Court's November 4, 2005 Order.

20. Moreover, the Chartiers Defendants' Motion to Dismiss raises the statute of limitations defense, which cannot be cured by any subsequent filing by the Plaintiff, with or without legal counsel.

21. Accordingly, Plaintiff's request for extension of time to file a response to the Chartiers Defendants' Motion to Dismiss is futile, as no defense exists with respect to his failure to file suit within the statutory limitations period.

22. Plaintiff's repeated filings of Motions to Amend, Motions for Extension of Time to Respond and Motions to Appoint Counsel are merely attempts to stall this Court's consideration of the Chartiers Defendants' Motion to Dismiss, and are wasting time and resources.

23. As Plaintiff has had the consideration of this Court and adequate time to respond to the Chartiers Defendants' Motion to Dismiss, he must not be permitted to stall the course of this litigation once again.

WHEREFORE, Defendants, Chartiers Township Police Department, Chief James Horvath and Patrolman Ronald Raymond, respectfully request that this Court deny Plaintiff's Motion to Appoint Counsel and Motion for Extension of Time to File a Response to the Chartiers Defendants' Motion to Dismiss, and request that this Court dismiss all claims against the Chartiers Defendants with prejudice.

Respectfully submitted,

DELL, MOSER, LANE & LOUGHNEY, LLC

By: *Mark R. Lane/dm*
Mark R. Lane, Esquire
Pa. I.D. No. 61923
Attorneys for Defendants, Chartiers Township Police Department, Chief James Horvath and Patrolman Ronald Raymond
525 William Penn Place; Suite 3700
Pittsburgh, PA 15219
Phone: (412) 471-1180

**JURY TRIAL DEMANDED**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER IRWIN, Plaintiff, | ) ) ) |
| v. | ) ) ) C.A. No. 04-246 Erie |
| WARDEN JOE PELZER, et al., Defendants. | ) ) ) |

## OPINION ON PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff John Bradley, a prisoner presently incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"), brings this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against Defendants Warden Joe Pelzer, Deputy Warden Temas John Doe, Deputy Warden Hamett John Doe, Head Nurse Cheryl McGavitt, Nurse Esther Jane Doe, Nurse Jill Jane Doe, Doctor Dirskin John Doe, Patrolman Ronald Raymond, Chief James Horvath, Chartiers Township Police Department, Sheriff John Doe, and Doctor John Doe, (U.P.M.C.). On April 21, 2005, Plaintiff filed a motion for appointment of counsel [Document # 21].

### The Standard of Review

In <u>Tabron v. Grace</u>, 6 F.3d 147 (3d. Cir. 1993), the Third Circuit identified factors to be

1


EXHIBIT A

considered by the district courts in exercising their discretion whether to "appoint" counsel pursuant to 28 U.S.C. § 1915(d).[1] These factors have been affirmed many times as the appropriate basis for review. See, e.g., Montgomery v. Pinchak, 294 F.3d 492 (3d Cir. 2002). "As a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and in law." Tabron at 155. The court should not appoint counsel unless it appears that the claim has some merit. Id.

Provided that the claim has some merit, the court must then consider the following factors to determine whether to appoint counsel:

1. the plaintiff's ability to present his or her own case;[2]

2. the difficulty of the particular legal issues;

3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. the plaintiff's capacity to retain counsel on his or her own behalf;

5. the extent to which a case is likely to turn on credibility determinations, and;

6. whether the case will require testimony from expert witnesses.

Montgomery, at 499, quoting Tabron at 155-157.

---

[1] Actually 28 U.S.C. § 1915(d) does not authorize the court to "appoint" counsel. Rather, it authorizes the court to "request" an attorney to represent a litigant unable to employ counsel. The importance of the distinction was recognized by the Supreme Court in Mallard v. United States District Court, 490 U.S. 296 (1989).

[2] The Circuit has identified additional factors in determining plaintiff's ability to present his case, including : "the plaintiff's education, literacy, prior work experience, and prior litigation experience, along with a plaintiff's ability to understand English and the restraints placed upon a prisoner plaintiff by confinement." Montgomery, at 501.

2

The court recognized that there are significant practical restraints on the district court's ability to "appoint" counsel":

> the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation.

Tabron, 6 F.3d at 157. The court also recognized that there are many cases in which district courts seek to appoint counsel but there is simply none willing to accept appointment. The court stated:

> [T]he frequent unwillingness of lawyers to accept appointment in such cases is not only a function of the time pressures lawyers face in trying to earn a living in an increasingly competitive field, but also by circulating knowledge of the indignities that some lawyers have been subjected to by certain litigants, including verbal and written abuse, excessive demands and complaints, and malpractice suits. We trust the district judges will be sensitive to such problems in making discretionary decisions in the area.

Id. at 157, n.7.

The court also recognized that volunteer lawyer time is extremely valuable and district courts should not request counsel under § 1915(d) indiscriminately:

> Volunteer lawyer time is a precious commodity . . . . Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste.

Id. at 157.

The court emphasized that "appointment" of counsel remains a matter of discretion and the decision must be made on a case-by-case basis.

This Court would like to have capable, experienced counsel available to assist and advise all prisoners before they file suit and to represent all prisoner plaintiffs who survive dismissal

3

under 28 U.S.C. § 1915(d) or for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Unfortunately, there are not enough attorneys in this district who are willing to undertake such representation. In addition to the factors discussed by the Court of Appeals, this Court recognizes other factors that dissuade attorneys from representing prisoners. Simply interviewing a prisoner client requires a trip to a prison, sometimes a great distance from the lawyer's office, and frequently a long wait at the prison until the prisoner can be produced for the interview. The lawyer sometimes must accept frequent collect calls from the prisoner.

The number of attorneys in this district who are available to volunteer to represent prisoners is limited while the number of prisoners who request counsel pursuant to 42 U.S.C. § 1915(d) is high. Moreover, the Erie division of this District does not have a referral system in place, as does the Pittsburgh division, and few attorneys in the local Bar have expressed a willingness to handle these difficult cases. Therefore the Court must carefully consider all the factors identified by the Court of Appeals as well as any other considerations related to the specific case in exercising its discretion when considering a motion to "appointment" of counsel.

### Plaintiff's Motion

In his *pro se* complaint, Plaintiff alleges that Defendants violated his Eighth and Fourteenth Amendment rights by showing deliberate indifference to his medical needs [Document # 20]. Plaintiff seeks monetary damages and injunctive relief.

Taking Plaintiff's allegations as true (for the purposes of this motion), his claim under the Eighth Amendment has some arguable merit. Therefore, the claim passes the threshold analysis and this Court must consider the six factors.

4

⊗AO 72
(Rev. 8/82)

However, after considering all of the factors and considerations discussed above, it appears that Plaintiff's claims are not sufficiently extraordinary to require counsel to represent him pursuant to 28 U.S.C. § 1915(d). Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993). See also Jones v. Lilly, 37 F.3d 964 (3d Cir.1994)(where prisoner plaintiff alleged that he was sexually assaulted by his two cellmates reputed to "prey[] on other inmates for sex," legal issues raised not "extraordinary"). From the pleadings presently before this Court, it appears that Plaintiff's claim is a straightforward cruel and unusual punishment case and does not present particularly difficult legal issues. Indeed, Plaintiff has correctly presented the deliberate indifference standard in his complaint. Additionally, it appears that Plaintiff is literate. These factors weigh in favor of the denial of appointment of counsel.

Practically every case which goes to trial involves issues of fact. This case does not appear to require particularly complex credibility determinations. As a *pro se* litigant plaintiff will have the benefit of Haines v. Kerner, 404 U.S. 519 (1972) and its progeny. This may be of more benefit to him than an attorney who is not knowledgeable about prisoner law.

After considering all of the appropriate factors, plaintiff's motion for appointment of counsel [Document # 21] is DENIED.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: April 28, 2005

5

AO 72
(Rev. 8/82)

9036 pe.

CA 04-246 Erie

Honorable Susan Paradise-Baxter      1/18/06

I am having trouble with filing my legal work. The help that I was receiving is no longer available to me. I wrote to 6 lawyers in pittsburgh in which they never responded. I would like to know if I could get an extension of time to file papers requested by defendants lawyers. Also see if I could get an appointment of counsel. I am not an experienced Jail House Lawyer, also my mental ability makes it dificult for me to study law properly. The case is complex and dificult, and may require expert testimony for my medical issues and could involve conflicting testimony or require court personal to sort out multiple defendants. The case will be tried before a Jury supports appointment of counsel, the deliberate indifferent standard and plaintiffs inability to investigate the facts. And requires extensive documentary for discovery depositions of prison officials, and medical records.

Re. No 04-246 ERIE

Sincerly
Christopher Run
FM 6896 10745 Route 18
Albion PA. 16475-0002



RECEIVED
JAN 18 2006
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

EXHIBIT
B

File No.: 9036                                                                                          Docket No.: 04-246E

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the within **PATROLMAN RONALD RAYMOND'S, CHIEF JAMES HORVATH'S AND CHARTIERS TOWNSHIP POLICE DEPARTMENT'S RESPONSE TO PLAINTIFF'S SECOND REQUEST FOR EXTENSION OF TIME TO RESPOND TO MOTION TO DISMISS AND PLAINTIFF'S RESPONSE TO SECOND REQUEST FOR APPOINTMENT OF COUNSEL** has been served on this 26th day of January, 2006, upon all parties, either individually or through counsel by:

_X_ First Class, Mail, Postage Pre-Paid            ____ Hand Delivery

____ Certified Mail-Return Receipt Requested     ____ Facsimile Transmission

____ Federal Express

Christopher Irwin
SCI-Albion
10745, Route 18
Albion, PA 16475-0002
*Plaintiff*

Edmond R. Joyal, Jr., Esquire
Law Office of Joseph S. Weimer
975 Two Chatham Center
Pittsburgh, PA 15219
*Co-Defendant, Washington County Correctional Facility*

DELL MOSER LANE & LOUGHNEY, LLC

By: *Mark R. Lane/lm*
Mark R. Lane, Esquire