Brief in Support of Complaint

## Statement of Case    CA 04-246 E

This is a Civil Rights case filed under 42 U.S.C. 1983 by plaintiff Christopher IRWIN who was hospitalized after serious automobile accident then wrongfully removed, against his will for medical care, and was transported to county jail, complaint is due to an unlawful seizure and denial of due process and continual unlawful acts, and continual denial of medical care, that was prescribed to him by doctors and specialists, at (U.P.M.C.) complaint states other various violations of the plaintiffs rights as well.

## Statement of Facts

The complaint alleges continual unlawful acts and continual constitutional torts, plaintiff was unlawfully removed from hospital care against his will and denied due process and all of the defendants denied medical treatment or physical therapy prescribed to plaintiff All defendants continual unlawful acts let to deliberate indifference to his serious medical needs. Required by hospital release papers -

1 of 4

Plaintiff's rights continued to be violated and mental health issues became worse, throughout the periods in question, and his continual denial of required medical care continued throughout periods in question. He received little help for his serious and chronic injuries and mental health issues that he suffered. Defendants violated plaintiff's rights throughout facts mentioned in complaint in other areas as well.

## ARGUEMENTS
### Supportive of Statute of Limitations & Accrual

1. Defendants argue that plaintiff's claims are time barred, that the statute of limitations is two years <u>42 PA. C.S.A. Sect. 5524</u> except as otherwise provided by statute, <u>42 PA. C.S.A. 5533(A)</u>

   Plaintiff argues that his injuries did not accrue throughout his incarceration, or prior to his incarceration. Plaintiff was arrested pursuant to legal process - Bench warrant in which plaintiff was entitled to a hearing, that his cause of action to maintain and institute a suit, would be at the time he is successfully vindicated of the charge against him. The Bench warrant was the start of continual unlawful acts,

20

The Chartiers Defendants, conspired with sheriff to remove plaintiff from hospital in which plaintiff was receiving medical care that was needed, to make sure that plaintiff was detained or brought to their jurisdiction as part of the Chartiers Defendants, continuing violations of the plaintiffs rights. They acted with reckless disregard to plaintiffs medical needs, or intent to harm, or restrict plaintiffs chance of excape, due to he was already under arrest, but no officer was present at hospital. This conduct "shocks the conscience" and Defendants concealed any information about the bench warrant.

Plaintiff argues that his cause of action did not accrue on the date of the events occured that they concealed all information from him. <u>see Swietlowich v. County of Bucks, 610 F.2d 1157, 1162 (3d cir 1979)</u>

And that a continuing wrong took place, and that the Defendants Discriminated against him. And that he could not be operative of the facts of his injury, the stature of limitations does not begin to run until the <u>Discovery</u> of the injury.

As a general rule, the Statute of Limitations begins to run when the plaintiff's cause of action accrues. C Ada V. Baxter Health Corp-

2                                           2)

—, 920 F.2d at 450 (7th Cir 1990) As the court in CADA noted, the accrual date is not the date on which the wrong that injures the plaintiff occurs, but the date on which the plaintiff <u>discovers</u> that he or she has been injured.

Plaintiff states that Defendants conduct could fall under the Continuing Violation doctrine.

The Continuing Violations doctrine, an equitable exception to the Statute of Limitations requirement, however, permits a civil rights plaintiff, under certain circumstances, to raise civil rights claims that otherwise would be barred by the Statute of Limitations, as explained by the United States Court of Appeals for the Third Circuit:

When a defendants conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier acts that would otherwise be time barred.

<u>Brenner v Local 514 United Broth. of Carpenters and Jointers of America, 927 F.2d 1283, 1295 (3d Cir 1991)</u>

Although the state statute of limitations applies to Section 1983 claims, when the cause of action accrues is a question of federal law. <u>Albright v Oliver, 510 U.S. 266 —n. 6, 114 S.Ct. 807, 813 n. 6 127 L.Ed.2d 114, 128 n.6 (1994)</u>

22

Furthermore chartiers Defendants Continued to Deny plaintiff Medical Treatment when he went to Their police Station for finger printing and questioning for Automobile Accident plaintiff Stated That He Needed Medical Treatment Futher violating plaintiffs rights.

And the Plaintiff's Disabilities due To Denial of medical Care and mental suffering during incarceration, impeded The institution of the Action, until he received Medical Care or, that his injuries Accrued when released.

Plaintiff believes Their is A showing of A denial of A federal right beyond the general expiration of a right to sue by the running of a reasonably sufficient period of Time. Such non discriminatory elimination of state claims is a universally accepted policy. "What ever prejudice there may have been in Ancient Times Against statutes of Limitations. it is A Cardinal principle of modern Law and of This court, That they Are to be Treated As statutes of repose***", <u>CAMPbell V. Haverhill, 155 U.S. 610, 617, 15 S.Ct. 217, 220, 39 L.Ed.2 80 (1895)</u>

SAME Applies for Defendants of Washington County Correctional facility. the Accrual, continuing violations Doctrine, —

23

The STATUTe of Limitations should be suspended or tolled due to the continuing violations doctrine, Discovery, in his case, time the injuries accrued, and due to the Disabilities he suffered.

For the foregoing reasons, the STATUTe of Limitations should be suspended or tolled in this case

3/3/06                    *[signature] Christopher [illegible]*

24