# MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFFS MOTION FOR THE APPOINTMENT OF COUNSEL.

## STATEMENT OF CASE

This is a Civil Rights case filed under 42 U.S.C. 1983 by Christopher Irwin who was hospitalized after serious automobile accident, then wrongfully removed and transported against his will for medical care to County Jail. Complaint is due to an unlawful seizure and denial of Due process and medical treatment that was prescribed to him by Doctors and specialists, at University of Pittsburgh medical center, prior to his removal. Complaint has other various violations of plaintiffs rights as well.

## STATEMENT OF FACTS

The complaint alleges that the plaintiff was unlawfully removed from hospital care against his will and that the defendants continually denied plaintiff medical care required by hospitals Doctors, specialists as well as physical therapy due to serious automobile accident, and denial of Due process and that all Defendants are deliberate indifferent to his medical care denial and other continual unlawful acts committed against him.

## ARGUEMENTS SUPPORTIVE OF COUNSEL

25

(1) The Plaintiff's Ability to present his own Case.

Plaintiff has mental Disability that prevents him from understanding what he reads, and comprehending. plaintiff is not well educated, and has no prior Litigation experience, and cannot correctly Litigate Complaint, or explain factors correctly to get true meaning out of them, to state facts that would prove a Serious, and Complex case.

Plaintiff's ability to file and respond to Motions does indicate he has some Legal Knowledge and is Literate, Plaintiff has No Idea how to deal with Complex discovery rules that will be required to Support plaintiff's case.

See Tarbow V. Grace 6 F.3d 152 (C.A.3 (PA.) 1993) In Tarbow, the indigent prisoner filed interrogatories and responded to motions, but the court found this inconclusive, Instead, the Tarbow court found that the prisoner's Lack of Legal experience and the Complex discovery rules clearly put him at a disadvantage in countering the defendant's discovery tactics, Tarbow at 158.

(2) The Complexity of The Legal issues.

Plaintiff believes the case has complex factual and Legal issues that he cannot handle very well.

26

The Eighth Amendment Denial of medical care, Deliberate Indifference, is one of plaintiffs claims, it will probably be necessary to present a medical expert witness or to cross-examine medical witnesses called by Defendants or both, The presence of medical or other issues requiring expert testimony supports the Appointment of counsel. The sheer number of claims and large number of defendants, Presents complex legal issues of determining which defendants were sufficiently personally involved in the Constitutional violations to be held Liable. In addition, the plaintiff has asked for a Jury Trial, which requires much greater Legal skill than the plaintiff has or can develop. See Abdullah v. Gunter, 949 F.2d 1032, 1036 (8th Cir. 1991) (citing jury demand as a factor supporting Appointment of counsel), Cert. denied, 112 S.Ct 1995 (1992)

Where the Legal issues are complex, it will probably serve everyone involved if counsel is Appointed. See Tarbon v Grace 6 F.3d at 156

See Maclin V. Freake, 650 F.2d at 889 (C.A. 7 (Ind.) 1981) ("Where the law is not clear, it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal Analysis.")

See Parham V. Johnson 126 F.3d 454, (C.A. 3 (PA.) 1997) Parham at 459 "(In this case, the ultimate issue —

28

- appears relatively simple - whether Dr. Johnson was deliberately indifferent to Parham's serious medical needs. A lay person, like Parham, should be able to comprehend what he has to prove when the legal issue is understandable.

However, comprehension alone does not equal ability to translate the understanding into presentation. While the ultimate issue may be comprehensible, courts must still look to the proof going towards the ultimate issue and the discovery issues involved.

(3) <u>The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation.</u>

The Plaintiff's case requires extensive documentary discovery, depositions of police officials, hospital doctors depositions, medical records, depositions of prison officials, doctors, nurses, wardens. Expert testimony may be necessary, and counsel would have much better opportunity to obtain an expert than would an indigent prisoner.

See <u>Tarbon v. Grace</u> 6 F.3d at 156 The Tarbon court noted that courts should consider a prisoner's predicament in attempting to obtain facts, i.e. the confines of prison. Also see <u>Rayes v. Johnson, 969 F.2d at 704</u> (2d Cir 1989) (noting the difficulties prisoner plaintiffs with meritorious cases may have with discovery.)

28.

Further, courts should be aware that it may be difficult for indigent plaintiffs to understand the complex discovery rules. See Abdullah V. Gunter, 949 F.2d at 1036 (noting need for counsel to investigate the application of and alternatives to a challenged prison regulation)

See Tucker V. Randall, 948 F.2d 388, 391-92 (7th Cir 1991) (noting that prisoner could not effectively investigate case arising at a jail from which he had been transferred) In the current case before court plaintiff Irwin is at a state facility and has been transferred from (W.C.C.F.) County Jail where most of Defendants work and Defendants Chartiers Twp. Police Dept. and Sheriff John Doe, Doctor John Doe (U.P.M.C.) Plaintiff is aproximately 2½ hours away from Defendants and is state prisoner with no way to receive Documents or depositions or even know how to go about it.

See Parham V. Johnson 126 F.3d at 461, (C.A.3 (PA) 1997). We find that the facts here are sufficient that a jury could reasonably find that the care received by Parham while incarcerated rose to the level of Eight Amendment deliberate indifference, and appointment of counsel was therefore appropriate.

3

29

(4) The Amount A Case is Likely to Turn on Credibility determinations.

The plaintiffs account of his Denial of medical Treatment and Physical Therapy is squarely in conflict with the Defendants Counsels Answers to plaintiffs Complaint, And in conflict That the Chartiers Defendants were responsible at all or that plaintiffs Alligations can be proved. This aspect of the case will be a credibility contest between The defendants and the plaintiff (And such inmate witnesses as can be located.) The existence of These credibility issues supports the appointment of counsel. See GATSON V COUGHLIN, 679 F. Supp. 270, 273 (W.D.N.Y. 1988)

See MACLIN V. FREAKE, 650 F.2d at 888 ("Counsel may be warranted where the only evidence presented to the factfinder consists of conflicting Testimony.") The MACLIN Court explained that when witness credibility is a key issue, "it is more likely That the Truth will be exposed where both sides are Represented by those trained in the presentation of evidence and in cross examination."

See Also MANNING V. Lockhart, 623 F.2d 536, 540. (8th Cir. 1980) (holding that The district court Abused its discretion in refusing to Appoint Counsel where claims were non frivolous And the question of Fact Turned on witness credibility.)

30

IN the case before the Court Plaintiff Irwin was commited at the Washington County Correctional Facility, with release papers from Hospitals Doctor stating that Plaintift needed medical care and physical therapy, in which he did not receive, And that Sheriff and Chartiers Defendants did not ensure that plaintift stayed in hospital to receive professional care. They removed him reguardless of his serious and chronic injuries and mental agony he suffered, Because of serious automobile accident. If plaintiffs factual claims that prison authorities exhibited deliberate indifference as well as police authorities to his serious medical needs which if proved would show a violation of his Eighth Amendment right not to be subjected to cruel and unusual punishment. <u>Estelle v. Gamble, 429 U.S. 97, 97, S.Ct. 285, 50 L.Ed. 2d 251 (1976)</u>

Plaintift Irwin will need attorney to help sort out and investigate, Chartiers Defendants To properly litigate the current case. As well as there Responsibilities or involvement.

Plaintift will need legal assistance to sort out facts and who is responsible, due to large number of Defendants, and Plaintifts lack of discovery experience, or litigation experience.

7

(5) <u>Wether the case will require the testimony of expert witnesses.</u>

Plaintiff claims he was denied medical care, and has mental health issues it would probably be necessary to present a medical expert witness or to cross-examine medical witnesses called by the defendants or both. The presence of medical or other issues requiring expert testimony supports the appointment of counsel. See <u>Moore v Mabus, 976 F.2d 268, 272 (5th Cir 1992) Jackson v. County of McLean, 953 F.2d 1070, 1073 (7th Cir. 1992) Tucker v. Randall, 948 F.2d 388, 392 (7th Cir 1991)</u>

See <u>Boring v. Kozakiewicz, 883 F.2d 468, 473 (3d Cir 1987)</u> (Holding that expert testimony is necessary when the seriousness of injury or illness would not be apparent to a lay person). Plaintiff believes current case before the court requires expert testimony.

(6) <u>Wether the plaintiff can attain and afford counsel on his own behalf.</u>

Plaintiff filed 2 motions with court for the appointment of counsel. Plaintiff is -

32

indigent and can not afford counsel. Plaintiff also sent 6 letters to attorneys after he was denied counsel by District Court Magistrate. See attachment of letter sent out and to lawyers it was sent to.

Plaintiff should be appointed counsel due to he tried to attain counsel and received no response and due to his incapacity because of his imprisonment can not afford counsel on his own behalf, and plaintiffs case has merit. (However where a plaintiffs case appears to have merit and most of the aforementioned factors have been met, courts should make every attempt to obtain counsel.) See, e.g., Mallard v. United States District Court, 490 U.S. 296, 310, 104 S.Ct. 1814, 1822-23, 104 L.Ed.2d 318 (1989) ("In a time when the need for legal services among the poor is growing and public funding for such services has not kept pace, lawyers' ethical obligation to volunteer their time and skills pro bono publico is manifest."). Tarbon, 6 F.3d, at 157 ("Representation of indigent litigants is not only an important responsibility of members of the bar, but it also provides an excellent opportunity for newer attorneys to gain court room experience.") The Tarbon factors will ensure that courts do not appoint counsel to frivolous cases.

33

## CONCLUSION

For the foregoing reasons, The Court should grant the plaintiffs motion and appoint counsel in this case.

Dated 3/3/06

Respectfully submitted

Christopher Irwin

## VERIFICATION

I have read the foregoing memorandum of Law and hereby verify that the matters alleged therein are true, I certify under penalty of perjury that the foregoing is true and correct.

Executed at Albion Pennsylvania on 3/3/2006

*[signature]*
Christopher Irwin

8

34

Sir I am a prisoner at S.C.I. Albion and have filed a civil rights action against Washington County Correctional Facility of Washington PA. and also against the Chartiers TWP. Police DEPT. The complaint is for false arrest, medical issues, et.

The judge will not appoint counsel in this case. The judge states that it appears that the plaintiff is litreate, and that he has presented the deliberate indifference standard well, and that the case has merit and passes the threshold analysis and this court must consider the six factors. However after considering aii of the factors and considerations plaintiffs claims are not sufficently extraodinary to require counsel.

Now the defendants lawyer from Chartiers TWP. Police DEPT. filed a motion to dismiss plaintiffs amended complaint, due to "Time barred" and statue of limitations. I know their is a way around that and I am having trouble with it. I filed a motion for extension of time.

I would greatly appreciate it if you could take this case or help me in this matter. I also need a response soon, so that I do not run out of time.

Thank you for your time in this matter.

Sinserly_____

CHRISTOPHER IRWIN
FM-6896
10745 Route, 18
Albion PA. 16475-0002

C.A.NO. 04-246 ERIE

Dated 22nd of July 2005

Exhibit

35

Addresses plaintiff sent Exhibit To To request counsel.

Frederick L Segal
Suite 1004 manor complex 564 Forbs Ave.
Pittsburgh, PA 15219


Pribanic & Pribanic
513 court place
Pittsburgh PA 15219


Jonathan M Stewart
Frick building 437 Grant St Suite 1031
Pittsburgh PA, 15219


Desole Cavanaugh LLC
the waterfront building 200 first Ave.
Pittsburgh PA. 15222


Rosen Louik & Perry P.C
Suite 200 The Frick building 437 Grant St.
Pittsburgh, PA. 15219


Shenderovich & Shenderovich
1600 Law & Finance building
Pittsburgh, PA 15219

36

Exhibit

# CERTIFICATE of Service

This is to certify that a true and correct copy of the within PLAINTIFF'S CHRISTOPHER IRWIN'S MOTION TO AMEND/CORRECT COMPLAINT AND Memorandum of Law supportive of Appointment of counsel and Brief in support of Complaint has been served on this 3rd day of March 2006, UPON ALL parties individually by First Class, Mail postage Pre-Paid.

Edmond R. Joyal Jr., Esquire
Law Office of Joseph S. Weimer
975 Two Chatham Center
Pittsburgh, PA 15219
(Washington County Correctional Facility)

Dell Maser Lane & Loughney LLC
525 William Penn Place
Suite 3700
Pittsburgh, PA 15219
(Chartiers Twp. Police Dept.)

By _____
CHRISTOPHER IRWIN

37