IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER IRWIN,<br>　　　　Plaintiff | )<br>)<br>) |
| v. | )　Civil Action No. 04-246 Erie<br>)　District Judge McLaughlin |
| CHARTIERS TWP. POLICE DEPT.,<br>et al.,<br>　　　　Defendants. | )　Magistrate Judge Baxter<br>)<br>) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.　RECOMMENDATION**

It is respectfully recommended that the motion to dismiss filed by Defendants Chartiers, Raymond, and Horvath [Document # 35 ] be granted and said Defendants be dismissed from this action.

It is further recommended that, pursuant to the authority granted to courts in the Prison Litigation Reform Act:

　　1.　Plaintiff's claims against Defendants Nurse Cheryl, Nurse Esther, and Nurse Jill be dismissed to the extent they relate to incidents that allegedly occurred prior to August 27, 2002, as said claims are barred by the applicable statutes of limitations;

　　2.　Plaintiff's claims against Defendants Temas, Hamett, Allegheny County Sheriff, Dr. John, and Dr. Dirskin be dismissed in their entirety, as Plaintiff has failed to serve said Defendants within 120 days, in accordance with the requirements of Rule 4(m) of the Federal Rules of Civil Procedure.

　　3.　Plaintiff's claims against Defendant Pelzer be dismissed for Plaintiff's failure to state a claim upon which relief may be granted.

**II.　REPORT**

　　**A.　Relevant Procedural History**

On August 27, 2004, Plaintiff Christopher Irwin, an inmate incarcerated at the State Correctional Institution at Albion ("SCI-Albion"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Originally named as Defendants were: Nurse 1, Cheryl Jane Doe ("Nurse

Cheryl"); Nurse 2, Esther Jane Doe ("Nurse Esther"); Nurse 3, Jill Jane Doe ("Nurse Jill"); Joe Pelzer ("Pelzer"), Warden at Washington County Correctional Facility ("WCCF"); and Patrolman Ronald Raymond of the Chartiers Twp. Police Department ("Raymond"). In his Complaint, Plaintiff alleged that Defendants violated his rights under the eighth amendment to the United States Constitution by depriving him of medical treatment for injuries he suffered to his neck and back as a result of a motor vehicle accident that occurred just prior to his arrest. (See Complaint at Section III).

Plaintiff subsequently filed a motion to amend complaint on or about April 5, 2005, which was granted by this Court's Order dated April 19, 2005. As a result of this Court's Order, Plaintiff's motion to amend was re-docketed as his Amended Complaint [Document # 20], and the following Defendants were added: Temas John Doe, Deputy Warden at WCCF ("Temas"); Hamett John Doe, Deputy Warden at WCCF ("Hamett"); Doctor Dirskin John Doe, WCCF ("Dr. Dirskin"); James Horvath, Chief of Police at the Chartiers Twp. Police Department ("Horvath"); Chartiers Twp. Police Department ("Chartiers"); Sheriff John Doe, Sheriff of Allegheny County ("Allegheny County Sheriff"); and Doctor John Doe at the University of Pittsburgh Medical Center ("Dr. John").[1] The Amended Complaint also more specifically identified Defendant Nurse Cheryl as Head Nurse Cheryl McGavitt, Medical Administrator at WCCF.

In his Amended Complaint, Plaintiff alleges that Defendants were deliberately indifferent to his medical needs in violation of his Eighth Amendment rights, and violated his due process rights under the Fourteenth Amendment. In addition, Plaintiff raises state law claims of false arrest and false imprisonment. (Document # 20 at ¶ 46). As relief for his claims, Plaintiff seeks declaratory relief, as well as compensatory and punitive damages.[2]

---

[1]

According to the docket entries in this case, it appears that Defendants Temas, Hamett, Dr. Dirskin, Dr. John, and Allegheny County Sheriff were never served with copies of the Amended Complaint in accordance with this Court's Order dated April 18, 2005 [Document # 19], nor has an attorney entered an appearance on behalf of any of these Defendants.

[2]

It is apparent from the docket entries in this case that Plaintiff re-filed the identical motion to amend complaint on

2

Defendants Chartiers, Raymond and Horvath have filed a motion to dismiss [Document # 35] seeking dismissal of Plaintiff's Amended Complaint for failure to state a claim upon which relief may be granted. In particular, Defendants contend that the applicable two-year statutes of limitations bars all of Plaintiff's constitutional and state law claims, because they arose more than two years prior to the date Plaintiff initiated this action. Defendants Nurse Cheryl, Nurse Esther, Nurse Jill, and Pelzer subsequently filed an Answer to Plaintiff's Amended Complaint [Document # 37] raising a number of affirmative defenses, including the defense that Plaintiff's claims are barred by the statute of limitations. Despite being granted an extension of time to file a response to the pending motion to dismiss, Plaintiff has failed to do so. This matter is now ripe for consideration.

### B.    Relevant Factual History

Plaintiff alleges that on July 7, 2002, he was placed under arrest by Defendant Raymond following a motor vehicle accident, and was then life flighted to the University of Pittsburgh Medical Center ("UPMC") for medical treatment. (Amended Complaint at ¶¶ 17, 18). As a result of the accident, Plaintiff suffered injuries to his neck and back. (Amended Complaint at ¶ 21). At UPMC, Plaintiff was treated by Defendant Dr. John, who placed him in a neck brace and prescribed pain medication on July 7, 2002. (Amended Complaint at ¶¶ 21, 22).

On July 9, 2002, Plaintiff was unable to perform physical therapy at UPMC due to the seriousness of his injuries and was told by "Doctor Jane Doe" that he would need to remain in the hospital and attempt physical therapy again in one week (Amended Complaint at ¶¶ 25-27). Nevertheless, on July 9, 2002, Defendant Allegheny County Sheriff told Plaintiff he was removing him from UPMC pursuant to a bench warrant that was issued at the request of Defendants Chartiers and Raymond. (Amended Complaint at ¶ 28). Plaintiff claims that he

---

July 7, 2005 [Document # 26], and again on August 30, 2005 [Document # 31]. Although this Court appropriately dismissed Plaintiff's motion docketed at Document # 31 as moot, the motion filed as Document # 26 was erroneously granted by Order of this Court dated July 25, 2005. As a result, there are two identical Amended Complaints docketed in this case. [Document ## 20 and 26]. Nonetheless, this error proves to be harmless, as the pending motion to dismiss effectively addresses both Amended Complaints.

informed Defendant Allegheny County Sheriff that the bench warrant was lifted, but the sheriff said "he did not care." (Amended Complaint at ¶ 29). Plaintiff claims further that Defendants Chartiers and Raymond "wanted plaintiff in custody so plaintiff could not get away from [them]." (Id.). As a result, Plaintiff alleges that Defendant Allegheny County Sheriff "coerced" Defendant Dr. John to sign release papers that enabled him to remove Plaintiff from UPMC. (Amended Complaint at ¶ 30).

On or about July 10, 2002, Plaintiff was transported from UPMC to WCCF, where he was seen by Defendants Nurse Cheryl and Defendant Dr. Dirskin. (Amended Complaint at ¶¶ 32, 34). According to Plaintiff, both Defendants Nurse Cheryl and Dr. Dirskin told him "there was nothing that they could do they refused plaintiff medical treatment and stated that they do not have physical therapy at [WCCF], and they would not administer the medications prescribed by [Defendant Dr. John]." (Amended Complaint at ¶ 34). Plaintiff claims further that he submitted a sick call on or about July 11, 2002, but was refused treatment and physical therapy for his injuries by Defendants Nurse Cheryl, Dr. Dirskin, and Nurse Esther. (Amended Complaint at ¶¶ 35, 36). Plaintiff also claims that Defendant Nurse Jill refused him medical attention "a number of times" during the month of July 2002. (Amended Complaint at ¶ 37). Finally, Plaintiff claims that Defendants Nurse Cheryl, Nurse Esther, Nurse Jill, and Dr. Dirskin refused to provide medical treatment for his injuries from July 10, 2002 to October 17, 2002.

### C.     Standard of Review

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000). The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). Rule 8(a) of

4

the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).

### D.     DISCUSSION
#### 1.     Statute of Limitations

The federal civil rights laws do not contain a specific statute of limitations for § 1983 actions.  However, it is well established that the federal courts must look to the relevant state statute of limitations for personal injury claims. Samerica Corp. Del., Inc. v. City of Philadelphia, 142 F.3d 582 (3d Cir. 1998)(internal citations omitted).  Thus, based on

5

Pennsylvania's applicable statute of limitations, a § 1983 claim must be filed no later than two years from the date of the alleged violation. See Urrutia v. Harrisburg County Police Dept., 91 F.3d 451 (3d Cir.(Pa.) 1996). Similarly, pursuant to Pennsylvania's applicable statute of limitations, claims based upon false arrest and false imprisonment must be filed no later than two years from the date of the alleged incident. See 42 Pa.C.S. § 5524. In this case, Plaintiff's complaint was received by the Clerk of Courts on August 27, 2004. (See Document # 3, Complaint). Thus, any of the claims raised by Plaintiff arising from events that occurred prior to August 27, 2002, is barred by applicable statutes of limitations and should be dismissed.

As noted by Defendants Chartiers, Raymond, and Horvath in their motion to dismiss, all of Plaintiff's allegations against them refer to events that occurred during the month of July 2002, and, thus, fall outside the two year statutes of limitations. As a result, all of Plaintiff's claims against these Defendants should be dismissed.

### 2.     The Prison Litigation Reform Act

The Prison Litigation Reform Act provides that:

> (b) Grounds for dismissal– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint– (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.A. § 1915A. Under Section 1915A, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so. Nieves v. Dragovich, 1997 WL 698490, at *8 (E.D. Pa. 1997)("Under provisions of the Prison Litigation Reform Act codified at 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c), the district courts are required, either on the motion of a party or sua sponte, to dismiss any claims made by an inmate that are frivolous or fail to state a claim upon which relief could be granted.").

The PLRA also amended the statutory provisions with respect to actions brought by

prisoners who are proceeding in forma pauperis. See 28 U.S.C. §1915(e)(2)[3]. Under this provision as well, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so by mandatory language. See, e.g., Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim."). In performing a court's mandated function of *sua sponte* reviewing a complaint under 28 U.S.C. § 1915(e) and under § 1915A to determine if it fails to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va. 1977) ("Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'".).

### a.     Defendants Nurse Cheryl, Nurse Esther, Nurse Jill

Plaintiff's claims against Defendants Nurse Cheryl, Nurse Esther, Nurse Jill encompass the time period from July 10, 2002 to October 17, 2002. To the extent Plaintiff's claims against these Defendants relate to events that occurred prior to August 27, 2002, such claims are barred by the applicable statutes of limitations and should be dismissed.[4]

---

[3]

Title 28 U.S.C. §1915(e)(2) provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--(B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

[4]

As noted previously, although Defendants Nurse Cheryl, Nurse Esther, and Nurse Jill have not filed a motion to dismiss in this case, they did file an Answer asserting the affirmative defense that Plaintiff's claims are barred by the statute of limitations. (Document # 18 at p. 2, Third Affirmative Defense).

### b.     Defendants Temas, Hamett, Allegheny County Sheriff, Dr. John and Dr. Dirskin

As noted previously, Defendants Temas, Hamett, Allegheny County Sheriff, Dr. John and Dr. Dirskin were never served with a copy of Plaintiff's Amended Complaint, in contravention of this Court's order dated April 18, 2005, which required that "Plaintiff shall serve a copy of the amended complaint upon all original and new Defendants on or before May 18, 2005, and shall file a certificate of service with this Court verifying such service." [Document # 19].  On June 7, 2005, Plaintiff filed a motion for a ten day extension of time in which to serve Defendants with a copy of the Amended Complaint, which motion was granted by this Court on June 27, 2005. [Document # 23].  Nonetheless, the docket entries in this case indicate that these Defendants have never been served and none of them has had an attorney enter an appearance on his behalf. As a result, Defendants Temas, Hamett, Allegheny County Sheriff, Dr. John, and Dr. Dirskin should be dismissed from this case pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, as they have not been served within 120 days of the commencement of this case.

### c.     Defendant Pelzer

Plaintiff has failed to make any specific allegations against Defendant Pelzer.  Plaintiff merely identifies Defendant Pelzer in the Amended Complaint, under the heading "Defendants," as follows:

> Defendant Warden Joe Pelzer is the warden of Washington County Correctional Facility he is legally responsible for the operation of Washington County Correctional Facility and for the welfare of all the inmates of that prison.

(Amended Complaint at p. 2, ¶ 4).  Defendant Pelzer is not mentioned anywhere else in the Amended Complaint, other than a vague reference to the fact that "[t]he Wardens never responded to [his] grievance.  Plaintiff does not even know if grievance made it to the Warden." (Amended Complaint at ¶ 43).

Thus, Plaintiff has not made any allegations that would implicate the personal involvement of Defendant Pelzer in any of the violative conduct alleged in the Amended Complaint.  At most, the claims against this Defendant are apparently based upon supervisory

8

liability or respondeat superior; however, such claims are not cognizable under 42 U.S.C. §1983.  See Thomas v. Zinkel, 155 F.Supp.2d 408, 413 (E.D.Pa. 2001)(health care administrator cannot be found deliberately indifferent based on a theory of respondeat superior); Lindsay v. Dunleavy, 177 F.Supp.2d 398, 403 (E.D.Pa. 2001), citing Rode v. Dellaciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)(defendant in civil rights action must have personal involvement in alleged wrongs; liability cannot be predicated on the operation of respondeat superior).  As a result, Plaintiff's claims against Defendant Pelzer should be dismissed.

## III   CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion to dismiss filed by Defendants Chartiers, Raymond, and Horvath [Document # 35 ] be granted and said Defendants be dismissed from this action.

It is further recommended that, pursuant to the authority granted to courts in the Prison Litigation Reform Act:

1. Plaintiff's claims against Defendants Nurse Cheryl, Nurse Esther, and Nurse Jill be dismissed to the extent they relate to incidents that allegedly occurred prior to August 27, 2002, as said claims are barred by the applicable statutes of limitations;

2. Plaintiff's claims against Defendants Temas, Hamett, Allegheny County Sheriff, Dr. John, and Dr. Dirskin be dismissed in their entirety, as Plaintiff has failed to serve said Defendants within 120 days, in accordance with the requirements of Rule 4(m) of the Federal Rules of Civil Procedure.

3. Plaintiff's claims against Defendant Pelzer be dismissed for Plaintiff's failure to state a claim upon which relief may be granted.

It is further recommended that Plaintiff's claims against Defendants Nurse Cheryl, Nurse Esther, and Nurse Jill be allowed to proceed to the extent they relate to events that occurred after August 27, 2002.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond

thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                            S/Susan Paradise Baxter
                                            SUSAN PARADISE BAXTER
                                            Chief U.S. Magistrate Judge

Dated: March 13, 2006

cc:    The Honorable Sean J. McLaughlin
       United States District Judge