IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER IRWIN,              )
        PLAINTIFF.              )
                                )
    VS.                         )
                                )   C.A. NO. 04-246 ERIE
WASHINGTON COUNTY               )
CORRECTIONAL FACILITY,          )
        et al., DEFENDANTS.     )

FILED
'06 JUN 27 AM 11:27
CLERK
U.S. DISTRICT COURT

## MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL

### STATEMENT OF THE CASE

This is a civil rights case filed under 42 U.S.C.§ 1983 by Christopher Irwin Plaintiff who was in serious automobile accident then subsequently removed from hospital and commited to the Washington County Correctional Facility. The Plaintiff assertes the claims for the unconstitutional Denial of Medical Care, Denial of prescribed Physical Therapy/Medication once prescribed by the Plaintiffs Doctors, and Therapists from the University of Pittsburgh Medical Center. The Plaintiff seeks damages as to all claims and to ensure proper medical treatment in the future.

### STATEMENT OF FACTS

The complaint alleges that the Plaintiff was denied proper medical treatment after being released from the hospital where he was in the care of his doctors, nurses, and therapists. The Plaintiffs release papers stated the need for physical therapy, and also a prescription for medication for his injuries. The Plaintiff should not have been commited to the Washington County Correctional Facility if their facility was unable to treat my injuries or provide the Physical Therapy as prescribed. The nurses and doctors at that facility did not ensure that the plaintiff received the treatment once prescribed.

### ARGUMENT

#### THE COURT SHOULD APPOINT COUNSEL FOR THE PLAINTIFF

In deciding wether toappoint counsel for an indigent litigant, the court should consider "the factual complexity of the case the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues". <u>Abdullah V. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991)(citation omitted), cert.denied, 112 S.Ct. 1995 (1992)</u>. In-addition, courts have suggested that the most important factor is wether the case appears to have merit. <u>Cooper V. A. Sargenti Co., Inc., 877 F.2d 170, 173 (2d Cir.1989)</u>. Each of those factors weighs in favor of appointing counsel in this case. Also the need for expert medical testimony for the presentation of this case may be of some benefit, due to complex factual medical issues

One of the plaintiffs claims involves the denial of medical care. It will probably be necessary to present a medical expert witness or to cross-examine medical witnesses called by the defendants,or both. The presence of medical or other issues requiring expert testimony supports the appointment of counsel. Moore v. Mabus,976 F.2d 268,272 (5th Cir.1992);Jackson V. County of McLean,953 F.2d 1070,1073(7th Cir. 1992);Tucker V. Randall,948 F.2d 388,392(7th Cir. 1991)

1. THE PLAINTIFF'S ABILITY TO PRESENT HIS OWN CASE.

In considering this factor,courts should consider"the plaintiffs education,literacy,prior work experience,and prior litigation experience". Tarbon V.Grace 6 F.3d at 156. The Plaintiff Irwin has A.D.D a mental Disability that prevents him from understanding and comprehending the laws,The Plaintiff is not well educated in the laws and has no prior litigation experience,and has a great deal of trouble trying to litigate this case. Plaintiff is no jailhouse lawyer.

Plaintiff's ability to file and respond to motions does indicate that he has some legal knowledge and is literate,However this fact alone does not conclusively establish that he is able to present his own case.See Tarbon V.Grace 6 F.3d at 152(C.A.3(PA.)1993)In Tarbon the indigent prisoner filed interrogatories and responded to motions, but the court found this inconclusive.Id. at 158 Instead, the Tarbon court found that the prisoners lack of legal experience and the complex discovery rules clearly put him at a disadvantage in countering the defendant's discovery tatics.

2. THE COMPLEXITY OF THE LEGAL ISSUES.

Where the legal issues are complex it will probably serve everyone involved if counsel is appointed, See Tarbon V.Grace 6F.3d at 156; Maclin V.Freake 650 F.2d 885,889(C.A.7(Ind.)1981)"Where the law is not clear,it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis." One of the complex factual issues in the case before the court in which medical issues are conflicting and the Plaintiff challenges denial of medical care/prescribed medical care and physical therapy, by the nurses and doctors at the Washington County Correctional Facility.
The Plaintiff's case before the court is whether the nurses and doctors were deliberately indifferent to the plaintiff's serious medical needs, which if proved would show a violation of his Eighth Amendment right not to be subjected to Cruel and Unusual Punishment. Estelle V. Gamble,429 U.S.97,97 S.Ct.285,50 L.Ed.2d 251(1976).Also the Due Process Clause of the Fourteenth Amendment which protects Pre-Trial Detainees.

"The Defendant's argue that the Plaintiff was not denied medical treatment, that he was just not satisified with the treatment that they provided."The Plaintiff's injuries were so obvious that a lay person should of known that he was not being treated,or treated properly,and that the serious and chronic pain he suffered required medical attention that he was not being provided at their facility.

The plaintiff had release papers from the hospital stating the need for physical therapy,and various other treatments/medications. that the defendants denied him.See Tucker V.Randall,948 F.2d at 392

(citing conflicting medical evidence as a reason to appoint counsel).

The Plaintiff would like the case to be tried before a jury this also supports the appointment of counsel <u>Abdullah V.Gunter,949 F.2d at 1036</u>.

The fact of complex legal issues such as the Eighth Amendment in proving deliberate indifference supports the appointment of counsel. <u>Swofford V.Mandrell,969 F.2d 547,552(7th Cir. 1992)</u>.

The Plaintiff's case before this court will clearly require a expert witness to testify, in the Plaintiffs defense and cross examine the defendants. And the support of counsel would understand the complex discovery process.

    3. THE DEGREE TO WHICH FACTUAL INVESTIGATION WILL BE NECESSARY
       AND THE ABILITY OF THE PLAINTIFF TO PURSUE SUCH INVESTIGATION.

The Plaintiff's case in this court will require extensive discovery on defendants,nurses and doctors and require policys,of the prison and medical records.The plaintiff is incarcerated and will have trouble attempting to obtain facts to pursue such investigation.

<u>Abdullah v.Gunter,949 F.2d at 1036</u>(noting need for counsel to investigate the application of and alternatives to a challenged prison regulation)The <u>Tarbon</u> court noted that courts should consider a prisoner's predicament in attempting to obtain facts,i.e. the confines of prison. <u>6 F.3d at 156</u>; see also <u>Rayes V.Johnson,969 F.2d 700,704 (8th Cir.1992)</u>(noting the dificulties prisoner plaintiff's with meritorious cases may have with discovery).

Other key factors are the degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue such investigation.See <u>Hodge V.Police officers,802 F.2d at 61(2d Cir. 1986)</u>. <u>Maclin V. Freake 650 F.2d at 887-88(C.A.7(Ind.)1981)</u>More generally, the court may also consider the extent to which prisoners and others suffering confinement may face problems in pursuing their claims.

Plaintiff has been transferred to a different institution,which will make it hard to investigate the facts and other inmates who could be witnesses,this is a factor that several courts have cited in appointing counsel. <u>Tucker V.Randall,948 F.2d 388,391-92(7th Cir.1991)</u> (noting that prisoner could not effectively investigate case arising at a jail from which he had been transferred);<u>Gatson V.Coughlin,697 F.Supp. 270,273(W.D.N.Y. 1988)</u>; <u>Armstrong V. Snyder,103 F.R.D. 96,105(E.D.Wis. 1984)</u>.

    4. THE PLAINTIFF'S CAPACITY TO RETAIN COUNSEL ON HIS OWN BEHALF.

There is no evidence that the Plaintiff could afford counsel on his own behalf in this case before this court. Furthermore it appears that the Plaintiff made every effort possible including, 2 motions,requests to obtain counsel,but it was to no avail. This factor also weighs heavily in favor of Appointment of counsel.

Plaintiff Irwin also sent 6 Attorneys letters after he was denied counsel by this court. The letters were typed by the Plaintiff to the best of his ability. <u>SEE ATTACHED</u> letter Plaintiff sent out and the Attorneys names and addresses they were sent to.

The Plaintiff should be appointed counsel, he tried to attain counsel and received no response to his letters, and due to his incapacity because of his imprisonment can not afford counsel on his own behalf.

The case before this court has merit. Where a Plaintiff's case appears to have merit and most of the mentioned factors have been met, courts should make every attempt to obtain counsel. SEE, Mallard V. United States District Court, 490 U.S. 296, 310, 109 S.Ct. 1814, 1822-23, 104 L.Ed. 2d 318 (1989)("In a time when the need for legal services amoung the poor is growing and public funding for such services has not kept pace, lawyers' ethical obligation to volunteer their time and skills pro bono publico is manifest.") SEE Tarbon V. Grace, 6 F.3d at 157("Representation of indigent litigants is not only an important responsibility of members of the bar, but it also provides an excellent opportunity for newer attorneys to gain courtroom experience."). The Tarbon factors will ensure that courts do not appoint counsel to frivolous cases.

     5. THE EXTENT TO WHICH THE CASE IS LIKELY TO TURN ON CREDIBILITY DETERMINATIONS.

The Plaintiff's account of his denial of medical treatment and Physical Therapy, is squarely in conflict with the defendants answers to the Plaintiff's complaint, and the questions that he is being asked in the defendants discovery, deposition. This aspect of the case will most likely be a credibility contest between the defendants and the Plaintiff(And such inmate witnesses as can be located) The existence of these credibility issues supports the appointment of counsel, SEE Gatson V. Coughlin, 679 F.Supp. 270, 273(W.D.N.Y.1988), ALSO SEE Maclin V. Freake, 650 F.2d 885, at 888(C.A.7(Ind.)1981)("Counsel may be warrented where the only evidence presented to the factfinder consists of conflicting testimony".) The Maclin court explained that when witness credibility is a key issue,"it is more likely that the truth will be exposed where both sides are represented by those trained in the presentation of evidence and in cross examination".

Hodge V. Police officers, 802 F.2d at 61(2d Cir.1986) SEE ALSO Manning V. Lockhart, 623 F.2d 536, 540(8th Cir.1980)(holding that the district court abused its discretion in refusing to appoint counsel where claims were nonfrivolous and the question of fact turned on witness credibility).

The Plaintiff expects the facts to be strongly disputed, the defendants/attorney are trying to get the Plaintiff to say that"he was receiving medical attention but he was just not happy with the treatment he was receiving". ALSO"That He could of bought more medicine off of commissary if needed" This strongly is in conflict and will most definitly require the need of counsel and Expert Witnesses to testify in the Plaintiffs defense. Tarbon V. Grace, 6 F.3d at 156; Rayes V. Johnson, 969 F.2d 700, 704(8th Cir.), cert. denied, 113 S.Ct. 658(1992); Whisenant V. Yuam, 739 F.2d 160, 163(4th Cir. 1984).

     6. WHETHER THE CASE WILL REQUIRE TESTIMONY FROM EXPERT WITNESSES.

The Plaintiff's case before this Honorable court will most likely require expert witness testimony, This is due to the nature of the case denial of medical attention, medication and Physical Therapy that was prescribed to the Plaintiff when he was released from the hospital,

One of the Plaintiff's claims that involves the denial of medical care, it would probably be necessary to present a medical expert witness or to cross-examine medical witnesses called by the defendants, or both. The presence of medical or other issues requiring expert testimony supports the appointment of counsel. SEE Moore V. Mabus, 976 F.2d 268, 272 (5th Cir. 1992); Jackson V. County of M$^C$Lean, 953 F.2d 1070, 1073 (7th Cir. 1992) Tucker V. Randall, 948 F.2d 388, 392 (7th Cir. 1991).

    The medical issues in the Plaintiff's case are highly disputed by the defendants, The defendants argue that the Plaintiff was seen by medical personel at their facility, but he was just not happy with the treatment that they gave him. SEE Boring V. Kozakiewicz, 833 F.2d 468, 473 (3d Cir 1987) (holding that expert testimony is necessary when the seriousness of injury or illness would not be apparent to a lay person).

    The Plaintiff suffered severe and chronic pain due to his injuries that were not properly treated or cared for, and suffered physial and mental distress. The Plaintiff believes that it will be necessary to have an expert witness to testify in his defense. This is most definetly due to the conflict with the defendants statements that the Plaintiff was provided with medical care.

    The allegations of denial of medical care amount to "intentionally interfering with the treatment once prescribed," which the Supreme Court has specifically cited as an example of unconstitutional deliberate indifference to prisoner's medical needs. Estelle V. Gamble, 429 U.S. 97, 105, 97 S.Ct. 285 (1976).

    For the foregoing reasons, this Honorable Court should grant Plaintiff's Motion and appoint Counsel in this case.

Dated: June 19, 2006

Respectfully submitted,
By: _____
CHRISTOPHER IRWIN FM6896
10745 Route 18,
Albion PA. 16475-0002


### VERIFICATION

    I have read the foregoing MEMORANDUM OF LAW and hereby verify that the matters alleged and stated therin are true, I certify under penalty of perjury that the foregoing is true and correct.

Dated: June 19, 2006

5

Sir I am a prisoner at S.C.I. Albion and have filed a civil rights action against Washington County Correctional Facility of Washington PA. and also against the Chartiers TWP. Police DEPT. The complaint is for false arrest, medical issues, et.

The judge will not appoint counsel in this case. The judge states that it appears that the plaintiff is litreate, and that he has presented the deliberate indifference standard well, and that the case has merit and passes the threshold analysis and this court must consider the six factors. However after considering all of the factors and considerations plaintiffs claims are not sufficently extraodinary to require counsel.

Now the defendants lawyer from Chartiers TWP. Police DEPT. filed a motion to dismiss plaintiffs amended complaint, due to "Time barred" and statue of limitations. I know their is a way around that and I am having trouble with it. I filed a motion for extension of time.

I would greatly appreciate it if you could take this case or help me in this matter. I also need a response soon, so that I do not run out of time.

Thank you for your time in this matter.

Sinserely _____

CHRISTOPHER IRWIN
FM-6896
10745 Route, 18
Albion PA. 16475-0002

C.A.NO. 04-246 ERIE

Dated 22nd of July 2005

NAMES AND ADDRESSES OF THE COUNSEL THAT THE PLAINTIFF SENT LETTERS TO ATTAIN COUNSEL.

FREDERICK L. SEGAL
MANOR COMPLEX
564 FORBS AVE. SUITE 1004
PITTSBURGH, PA. 15219

PRIBANIC AND PRIBANIC
513 COURT PLACE,
PITTSBURGH, PA. 15219

JONATHAN M. STEWART
FRICK BUILDING
437 GRANT ST. SUITE 1031
PITTSBURGH, PA. 15219

DESOLE CARANAUGH LLC.
THE WATERFRONT BUILDING
200 FIRST AVE.
PITTSBURGH, PA. 15222

ROSEN LOUIK AND PERRY PC.
THE FRICK BUILDING
437 GRANT ST. SUITE 200
PITTSBURGH, PA. 15219

SHENDEROVICH AND SHENDEROVICH
1600 LAW AND FINANCE BUILDING
PITTSBURGH, PA. 15219