# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER IRWIN,

    Plaintiff,

    vs.

NURSE 1, NURSE 2, NURSE 3, WARDEN
WASHINGTON COUNTY
CORRECTIONAL FACILITY,
PATROLMAN RON RAYMOND,
CHARTIERS TOWNSHIP POLICE
DEPARTMENT,

    Defendants.

C.A. No. CA04-246 Erie
District Judge McLaughlin
Magistrate Judge Baxter

## BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

AND NOW, come the Defendants, Nurse1, Nurse 2, and Nurse 3[1], by and through their counsel, Law Office of Joseph S. Weimer and Edmond R. Joyal, Jr., Esquire, and files the following Brief in Support of Their Motion for Summary Judgment.

### I.     UNDISPUTED STATEMENT OF FACTS

1. Plaintiff was incarcerated in the Washington County Correctional Facility.

2. The period of his incarceration began on July 10, 2002. Amended Complaint ¶37.

3. Plaintiff was seen and evaluated by medical staff at the Washington County Correctional Facility throughout his incarceration there.[2]

4. Plaintiff did not exhaust his administrative remedies in that he did not appeal the denial of his grievance as set forth in the prison.[3] Deposition of Christopher Irwin pgs. 38-39.[4]

---

[1] Although it is not specifically set forth in the Amended Complaint, it is presumed that the name of one of the nurses is Cheryl McGavitt. It is presumed as well that Nurse 2 and Nurse 3 continue to be unidentified.

5.　　Plaintiff was not denied access to medical care. Deposition of Christopher Irwin pgs. 39-43.

6.　　Plaintiff has not alleged any specific dates during his incarceration that would bring this matter within the two year statute of limitations.

## II.　　ARGUMENT

### A.　　SUMMARY JUDGMENT STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) provides that summary judgment should be granted "if the pleadings, depositions, Answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The standard for ruling on a Motion for Summary Judgment as articulated by the Supreme Court in Celotex Corp. v. Catrett, 477 U.S. 317 (1986) is as follows:

> the plain language of Rule 56(c) <u>mandates the entry of summary judgment</u>, after adequate time for discovery and upon motion, <u>against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial</u>.

477 U.S. at 322 (emphasis supplied).

Plaintiff's burden to establish an essential element of his claim is not met by speculation or conclusory allegations. See Ridgewood Bd. of Educ. v. N.E. for M.E., 172 F.3d 238, 252 (3d Cir. 1999). There is no issue for trial unless there is "sufficient evidence favoring the non-moving party" such as would allow a jury to return a verdict in favor of that party. Anderson v.

---

[2] Plaintiff was discharged from the facility on October 17, 2002. See Prison records attached as Exhibit 1.
[3] See Exhibit 2.
[4] Defendants have attached the entire transcript of plaintiff's deposition to this brief so that the Court can read in its entirety plaintiff's response to questions concerning this matter.

Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If the evidence is "merely colorable" or "not significantly probative," summary judgment may be granted. Id. at 249-250.

### I. THE AMENDED COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO MEET THE REQUIREMENTS OF THE PRISON LITIGATION REFORM ACT.

The Prison Litigation Reform Act of 1996 provides that "[n]o action shall be brought with respect to prison conditions under Section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies that are available are exhausted." 42 U.S.C. §1997(e)(a)(subsequent history omitted). The Third Circuit has interpreted the requirement of exhaustion to apply to all claims by prisoners housed in any institution. Nyhuis v. Reno, 203 F.3d 65, 67 (3d Cir. 2000); see also Ali Ahmed v. Sromovski, et al., 103 F. Supp. 2d 838, 842 (E.D. Pa. 2000), 206 F.3d 289, 300 (3d Cir. 2000)). The Court in Nyhuis affirmed the lower Court's granting of a Motion to Dismiss since Plaintiffs had not exhausted administrative remedies which was deemed a prerequisite to an action challenging prison conditions. Id.

In this case, Plaintiff has not met the requirements since he did not appeal the denial of his grievance. Therefore, the Amended Complaint must be dismissed.

### II. PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER THE EIGHTH AMENDMENT AGAINST THESE DEFENDANTS.

"Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as Defendant is deliberately indifferent to the prisoner's health -- that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.'" *Sellars v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994), *quoting Farmer v. Brennan*, 511 U. S. 825, 838 (1994).

In order to establish deliberate indifference, the Plaintiff must show that the Defendant was subjectively aware of the risk. *Farmer*, 511 U. S. at 837-38. In order to meet this standard of deliberate indifference, the Plaintiff must prove subjective recklessness. *Id*.

The Third Circuit has spoken on this matter. "[O]nly 'unnecessary and wanton infliction of pain' or 'deliberate indifference to the serious medical needs' of prisoners are sufficiently egregious to rise to the level of a constitutional violation." *White v. Napoleon,* 897 F.2d 103, 108-09 (3d Cir.1990) (quoting *Estelle v. Gamble,* 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (quoting *Gregg v. Georgia,* 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976))). Allegations of medical malpractice are not sufficient to establish a Constitutional violation. *See id.* (citing *Estelle,* 429 U.S. at 106, 97 S.Ct. 285); *Monmouth County Correctional Institutional Inmates v. Lanzaro,* 834 F.2d 326, 346 (3d Cir.1987) (*MCCII* ) (citing *Estelle,* 429 U.S. at 106 & n. 14, 97 S.Ct. 285; *Gittlemacker v. Prasse,* 428 F.2d 1, 6 (3d Cir.1970)); *see also Daniels v. Williams,* 474 U.S. 327, 332-34, 106 S.Ct. 662, 88 L.Ed.2d 662 (holding that negligence is not compensable as a Constitutional deprivation). "[M]ere disagreement as to the proper medical treatment" is also insufficient. *MCCII,* 834 F.2d at 346 (citing *Bowring v. Godwin,* 551 F.2d 44, 48 (4th Cir.1977); *Massey v. Hutto,* 545 F.2d 45, 46 (8th Cir.1976) (per curiam)).

As stated in *White,* the *Estelle* "deliberate indifference to serious medical needs" standard is clearly met when a doctor is "intentionally inflicting pain on [a] prisoner[ ]." 897 F.2d at 109. In *MCCII*, the Court identified several other scenarios that satisfy *Estelle*. Most relevant to this case are (1) "[w]here prison authorities deny reasonable requests for medical treatment ... and such denial exposes the inmate 'to undue suffering or the threat of tangible residual injury,' " *MCCII,* 834 F.2d at 346 (quoting *Westlake v. Lucas,* 537 F.2d 857, 860 (6th Cir.1976)), and (2) "where 'knowledge of the need for medical care [is accompanied by the] ... intentional refusal to

provide that care,' " *id.* (quoting *Ancata v. Prison Health Servs.,* 769 F.2d 700, 704 (11th Cir.1985)) (alterations in original).

The *Estelle* standard " 'requires deliberate indifference on the part of the prison officials and it requires the prisoner's**\*236** medical needs to be serious.' " *Id.* (quoting *West v. Keve,* 571 F.2d 158, 161 (3d Cir.1978)).

In this case, the record is clear that Plaintiff was seen and evaluated by medical staff during the period of his incarceration and that he was provided with the care that the medical staff deemed appropriate according to its evaluation. Plaintiff admits as much in is deposition. In addition, Plaintiff can produce no evidence that he was denied reasonable requests for medical care and that he was exposed to "undue suffering or the threat of tangible residual injury".[5]

### III.  PLAINTIFF'S COMPLAINT FAILS TO SET FORTH ANY CLAIMS WHICH BRING THE MATTER WITHIN THE TWO YEAR STATUTE OF LIMITATIONS.

The Amended Complaint states only that from July 10 to October 17, 2002, Plaintiff was refused medical treatment by the Defendants. The Defendants are unable to determine from the Amended Complaint whether the claims come within the statute of limitations. The Court previously dismissed all allegations in the Complaint which occurred prior to August 27, 2002. The Amended Complaint does not specifically list any actions by the remaining individual Defendants which occurred after August 27, 2002. Plaintiff in his deposition failed to specify any such acts and, in effect, admitted that he was provided access to medical care from that date until the time of his discharge. Deposition of Christopher Iriwn, pages 9 through 10, 15 through 20, 35 through 36, and 39 through 44.

---

[5] See transcript of plaintiff's deposition as well as documents outlining his medical requests and treatment while incarcerated at the Washington County correctional facility.

## IV.   CONCLUSION

For the foregoing reasons, Defendants, Nurse1, Nurse 2, and Nurse 3, request this Honorable Court to grant their Motion for Summary Judgment.

**LAW OFFICE OF JOSEPH S. WEIMER**


BY:*/s/Edmond R. Joyal, Jr.*
       Edmond R. Joyal, Jr., Esquire
       Pa. I.D. #65907
       Attorney for Defendants

# CERTIFICATE OF SERVICE

I, Edmond R. Joyal, Jr., Esquire, hereby certify that a true and correct copy of the foregoing **BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** has been served by First Class Mail, postage pre-paid, upon the following parties on this 17th day of November, 2006.

Christopher Irwin
SCI Albion
10745 Route 18
Albion, PA  16475
*(Pro Se Plaintiff)*

**LAW OFFICE OF JOSEPH S. WEIMER**

BY: *s/ Edmond R. Joyal, Jr.*
Edmond R. Joyal, Jr., Esquire
Pa. I.D. #65907
Attorney for Defendants

Law Office of Joseph S. Weimer
975 Two Chatham Center
Pittsburgh, PA  15219
(412) 338-3184